831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. TAYLOR, Plaintiff-Appellant,
v.
John O. HUMMEL, District Director, IRS, Nancy M. Sommers,
Revenue Officer, Leo Simpson, and Mary Ann
Stepanski, Defendants-Appellees.
David L. TAYLOR, Plaintiff-Appellant,
v.
John O. HUMMEL, District Director, IRS, Nancy M. Sommers,
Revenue Officer, Defendants,
Leo Simpson, Mary Ann Stepanski, Defendants-Appellees.
 Nos. 87-1304, 87-1350.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1987.
 
 Before LIVELY, Chief Judge, and WELLFORD, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motions to dismiss, the motions to quash, disqualify and for default, the record and Taylor's brief and addendum, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Taylor initiated an action against two employees of the Internal Revenue Service and two employees of Blue Cross and Blue Shield. The Internal Revenue Service fined Taylor $500.00 for filing a frivolous tax return and served a notice of levy on Blue Cross and Blue Shield demanding money due Taylor. Taylor sued the defendants for theft, racketeering, lack of jurisdiction, fraudulent representation, deprivation of rights, conspiracy, impersonating officers and breach of contract. The non-federal defendants and federal defendants filed separate petitions for removal of the action to federal court and cases were docketed as civil action numbers 86-40568 and 87-40004. The district court on February 24, 1987, consolidated the cases, dismissed 87-40004 as duplicative, denied Taylor's motions to quash the petitions for removal and the motion for extension of time, and granted the motion to dismiss the case as to the non-federal defendants. Taylor's appeal from that order was docketed as 87-1304. On April 1, 1987, the district court denied Taylor's motion to quash a response of the federal defendants and opposing Fed.R.Civ.P. 11 sanctions against him, and granted the non-federal defendants attorney fees of $1,009.99. Taylor's appeal from that order was docketed as 87-1350. On April 20, 1987, the district court dismissed the complaint as to the federal defendants and granted sanctions against Taylor in the amount of $1,500.00. No appeal was taken from that order.
 
 
 3
 Given the subsequent entry of a final judgment dismissing all the parties to plaintiff's action, this court has jurisdiction to review these appeals. See Gillis v. Dep't of Health and Human Services, 759 F.2d 565 (6th Cir.1985).
 
 
 4
 Upon review, we conclude the issues presented by Taylor in his brief and addendum are frivolous and without merit. Title 28 U.S.C. Sec. 1442 clearly allows for removal of actions from state courts to the federal courts. There is no limitation that actions can be removed only from the District of Columbia. In addition, Rule 15, Sec. 3(3) of the Michigan Rules Concerning the State Bar provides that admission to the Michigan bar is authorization to practice law in every court of the state.
 
 
 5
 Accordingly, it is ORDERED that the motions be denied and the orders of the district court be affirmed. Rule 9(b)(4), Rules of the Sixth Circuit. Double costs awarded to appellees. Rule 38, Federal Rules of Appellate Procedure.